## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**MICHELLE AMETHYSTRIA CLIFFORD,**<br><br>Debtor. | Case No. 22-00129-NGH<br><br>Chapter 13 |

### MEMORANDUM OF DECISION

Before the Court is an objection filed by chapter 13 trustee Kathleen McCallister ("Trustee") to confirmation of the amended chapter 13 plan (the "Plan") of Michelle Clifford ("Debtor"). Doc. No. 37.[1]  A hearing on the matter was held on September 19, 2022, during which the parties presented evidence and oral arguments, and the Court took the issue under advisement. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

## BACKGROUND

Debtor filed a voluntary chapter 13 bankruptcy petition on April 5, 2022. Doc. No. 1. Debtor's Form 122C indicates her current monthly income ("CMI") is $4,132.47, with a current yearly income of $49,589.64. Doc. No. 7. Excluded from Debtor's CMI calculation were several employer-paid benefits. Debtor works for the City of Nampa,

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

Idaho, and each month her employer pays $35.50 to Delta Dental for dental insurance, $597 to IIIA-POL for medical insurance, and $417.24 to the Public Employee Retirement System of Idaho ("PERSI") in retirement contributions.  Ex. 103.

Debtor filed the Plan on July 21, 2022.  Doc. No. 26.  Debtor's Plan provides for a commitment period of 60 months but classifies Debtor as a below-median debtor and asserts the applicable commitment period is only 36 months.  *Id.* at 1.  Trustee objects to Debtor's classification as a below-median debtor and asserts Debtor did not include the employer-paid benefits on Form 122C.  Doc. No. 37.  Trustee further asserts she cannot accurately determine Debtor is committing her disposable income to the Plan, as required by § 1325(b)(2), without a modified CMI calculation reflecting the increased income.[2] Debtor claims these payments should not be considered "income" because "Debtor has no control over these benefits nor are these benefits ever paid directly to her for household expenses."  Doc. No. 40 at 2.

**ANALYSIS**

**A.      Current Monthly Income**

    **1.      Legal Standards**

CMI is defined in the Code under § 101(10A) as "the average monthly income from all sources that the debtor receives . . . without regard to whether such income is

---

[2] Trustee also sought an adjustment to Debtor's CMI pursuant to *Hamilton v. Lanning*, 560 U.S. 505 (2010), based on known changes to her employment circumstances, including a small raise and a second job.  However, *Lanning* applies to the determination of projected disposable income not CMI.

MEMORANDUM OF DECISION - 2

taxable income . . . and includes any amount paid by any entity other than the debtor on a regular basis for the household expenses of the debtor."

The Code does not define "income," though § 101(10A)(A) notes the determination of what is income is done without regard to whether it is taxable. The Ninth Circuit held that unless a source of income is specifically excluded from the CMI calculation, it was meant to be included. *Blausey v. United States Tr.*, 552 F.3d 1124 (9th Cir. 2009). Section 101(10A)(B)(ii) excludes certain payments from CMI:

> (I) benefits received under the Social Security Act (41 U.S.C. 301 et seq.);
>
> (II) payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes;
>
> (III) payments to victims of international terrorism . . . or domestic terrorism . . . on account of their status as victims of such terrorism;
>
> (IV) any monthly compensation, pension, pay annuity, or allowance paid under title 10, 37, or 38 in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services . . .; and
>
> (V) Payments made under Federal law relating to the national emergency declared by the President . . . with respect to the coronavirus . . ..

§ 101(10A)(B). In *Blausey*, the debtor filed an insurance claim after being diagnosed with a permanent disability and began receiving disability benefits of $4,000 per month. 552 F.3d at 1127. In determining that these payments were "income" within the meaning of CMI, the Ninth Circuit considered the purpose of the BAPCPA amendments: "[a]ccording to the House Report on BAPCPA, '[t]he heart of the bill's consumer bankruptcy reforms consists of the implementation of an income/expense screening mechanism ("needs-based bankruptcy relief" or "means testing"), which is intended to

MEMORANDUM OF DECISION - 3

ensure that debtors repay creditors the maximum they can afford.'" *Id.* at 1133 (quoting H.R. Rep. 109–31(I) at 1, reprinted in 2005 U.S.C.C.A.N. 88, 89 (April 8, 2005)).

As noted previously, the definition of CMI under § 101(10A) includes "any amount paid by any entity other than the debtor on a regular basis for the household expenses of the debtor or the debtor's dependents." The Court has noted that some payments made on behalf of the debtor by a third party are "possibly never received directly by the debtor" but "are considered income for purposes of calculating CMI." *In re Coverstone*, 461 B.R. 629, 634 (Bankr. D. Idaho 2011). Including such payments "is consistent with the congressional goal of 'ensur[ing] that debtors who can pay creditors do pay them,'" because "by reducing the overall expenses a debtor otherwise would have to pay, regular payments for household expenses of the debtor or his dependents increase the amount of a debtor's income available to pay creditors." *Id.* at 634–35 (quoting *Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 64 (2011)).

The determination of CMI is consequential in several respects. Under § 1325(b)(4), a chapter 13 plan may not be less than five years if "the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than . . . the median family income of the applicable State." Additionally, "disposable income" under § 1325(b)(2) is calculated using a debtor's CMI minus reasonable expenses. Further, like the applicable commitment period, the determination of "reasonable expenses" in the calculation of "disposable income" differs depending on whether a debtor's CMI classifies them as an above- or below-median debtor.

MEMORANDUM OF DECISION - 4

### 2. Employer-Paid Insurance Benefits as Income

Trustee alleges that amounts paid by Debtor's employer to Delta Dental and IIIA-POL for dental and medical insurance should constitute income under § 101(10A) and thus be included in determining whether Debtor is an above-median debtor. Under § 101(10A), payments from third parties are only included in CMI if they are made regularly and go towards the household expenses of the debtor or the debtor's dependents. The Code does not define "household expense." In determining which contributions from a non-filing spouse were for household expenses on behalf of the debtor, one court noted that "a household is ordinarily defined as '[a] family living together. . .. A group of people who dwell under the same roof.' An expense is defined as '[a]n expenditure of money[.]'" *In re Toxvard*, 485 B.R. 423, 435 (Bankr. D. Colo. 2013); *see also In re Campbell*, 2019 WL 722759, at *2 (Bankr. S.D. Fla. Feb. 19, 2019) (defining "household expense" as "those relating to expenses to maintain the home and feed, clothe, and protect the family living in the home"). In *Coverstone,* the Court noted several categories that constituted household expenses, such as "food, *health care*, apparel, and childcare." 461 B.R. at 635 (emphasis added).

Other courts have considered whether insurance benefits paid on behalf of a debtor should be considered income in calculating CMI. In *Toxvard*, a bankruptcy court noted that health insurance paid by a non-filing spouse on behalf of the debtor was "undoubtedly a household expense of the [d]ebtor." 485 B.R. at 440. Likewise, in *In re Aslakson*, a court held that payments from a third party towards a debtor's medical and

MEMORANDUM OF DECISION - 5

dental expenses must be included in the CMI calculation. 2013 WL 1304494, at *3 (Bankr. D. Or. March 28, 2013).

Here, Debtor argues that payments from her employer towards insurance are not income because Debtor does not "receive" such funds, as they are paid directly to the insurance providers. Further, Debtor argues that such payments should be excluded because Debtor cannot use the benefit to pay creditors and including such payments would not comport with the purpose of BAPCPA. However, as noted in *Coverstone*, payments do not have to be directly received by Debtor to be included in CMI calculations. Further, including such payments comports with the purpose of the Code because regular payments made by an employer towards a debtor's household expenses increase the debtor's available income. As such, Debtor's argument that payments made by her employer were not received by Debtor and could not be used to benefit creditors are without merit, and so long as the payments are for household expenses and not specifically excluded from the CMI calculation under the Code, they must be included.

Debtor's employer paid approximately $35.50 per month for dental insurance and $597 per month for medical insurance on Debtor's behalf. Ex. 103. Neither medical nor dental insurance are excluded from the definition of CMI under § 101(10A). Debtor attempts to argue that medical and dental insurance are not "household expenses" because they were not explicitly enumerated by this Court in *Coverstone*. Doc. No. 42 at 4. However, *Coverstone* did list health care when giving examples of household expenses, and because Debtor does not have to provide her own insurance coverage, Debtor's health care expenses are reduced, thus increasing "the amount of a debtor's

MEMORANDUM OF DECISION - 6

income available to pay creditors." *Coverstone*, 461 B.R. at 634–35. Thus the Court concludes health insurance premium payments are made to offset household expenses. Accordingly, the amounts paid by Debtor's employer toward health insurance are income for the purpose of calculating Debtor's CMI and determining whether Debtor is an above-median debtor.

### 3.     Employer-Paid Retirement Contributions as Income

Trustee also alleges the employer's monthly payment of $417.24 into Debtor's retirement account, PERSI, should be included in Debtor's CMI calculation. However, Trustee did not present sufficient evidence or argument regarding those contributions. As such, the Court cannot conclude the employer contributions constitute payments by an entity for a household expense and are thus "income" for purposes of CMI. Accordingly, the Court concludes the employer retirement contributions are not included in Debtor's CMI calculations.

### 4.     Debtor's CMI

Debtor's Form 122C indicates her CMI is $4,132.47, with a yearly current income of $49,589.64. The median family income in Idaho for a household of one is $54,942. Doc. No. 7 at 3; *see also* Means Testing for Cases Filed Between April 1, 2022, and May 15, 2022, Inclusive, U.S. DEPT. OF JUSTICE, https://www.justice.gov/ust/means-testing/20220401 (last updated April 29, 2022). When adding the payments for medical and dental insurance to the CMI, Debtor's CMI increases by $632.50 for a total of $4,764.97. When multiplied by 12, this results in a yearly income of $57,179.64. Because this is above the median family income for a family of one for Idaho, Debtor is

MEMORANDUM OF DECISION - 7

an above-median debtor.  Thus, Debtor will need to amend her Form 122C to include such benefits in her CMI calculation.

**CONCLUSION**

Trustee's objection to confirmation of Debtor's Plan will be sustained in that Debtor's employer-paid medical and dental benefits shall be considered income for purposes of calculating CMI.  Accordingly, confirmation of Debtor's Plan, Doc. No. 26, will be denied.  Trustee shall submit an order consistent with this Decision.

DATED:  November 4, 2022



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 8